UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 364-4 |
| v. | ) | |
| | ) | Judge Wayne B. Andersen |
| LEONARD LEONTE | ) | |

**GOVERNMENT'S MOTION TO ADMIT CERTAIN EVIDENCE AS INTRICATELY RELATED TO THE CHARGED OFFENSES AND PURSUANT TO RULE 404(b)**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, the United States Attorney for the Northern District of Illinois, respectfully requests that this Court enter an order pursuant to the intricately related doctrine and Fed. R. Evid. 404(b) allowing the government to introduce evidence of defendant's purchase and ownership of property at 328 South Whipple, Chicago, Illinois (the "Property") in or about March 2006. In support of the motion the government states as follows:

### I. INTRODUCTION

This case arises out of Leonard Leonte's marriage to Tammy Daniels in October 2002. The indictment charges defendant with marriage fraud, in violation of 8 U.S.C. § 1325(c), and obstruction of justice, in violation of 18 U.S.C. § 1505. Tammy Daniels has pleaded guilty and is cooperating with the government.

Pursuant to the intricately related doctrine and Fed. R. Evid 404(b), the government seeks to offer evidence of defendant's purchase and ownership of the Property. This evidence is intricately related to the charged offense of marriage fraud because the evidence shows that defendant represented himself to be an "unmarried man" at the time he purchased the property - a time at which he was still claiming to United States Citizenship and Immigration Services ("CIS") to be married to Daniels. Further, the evidence is intricately related to the charged offense of

marriage fraud because the evidence shows that defendant represented himself to be a U.S. citizen at the time he purchased the Property, even though at the same time he was trying to have his immigration status adjusted to lawful permanent resident. Finally, the evidence is intricately related to the charged offense of obstruction of justice because it shows that defendant was living at 4316 West Lawrence, Chicago, Illinois in March 2006, even though he provided documents to CIS showing that he lived at 4957 West Foster, Chicago, Illinois during the same time period.

The Property evidence is admissible pursuant to Rule 404(b) because it provides proof that: (1) defendant had knowledge that his marriage to Daniels was not legitimate, but rather was for the purpose of obtaining lawful permanent resident status in the United States; (2) defendant had knowledge of the importance of having legal status in the United States; and (3) defendant's motive, intent and plan in marrying Daniels was not to actually be her spouse, but rather to use the marriage to gain lawful permanent resident status.

## II.  FACTS

**A.  The Charges**

Count Four of the indictment alleges that defendant engaged in marriage fraud in or about October 2002 when he married Tammy Daniels for the purpose of gaining an immigration benefit. Count Five of the indictment alleges that defendant obstructed justice when he attended a CIS interview in December 2005 and presented false documents to the interviewer in an attempt to convince CIS that his marriage to Daniels was legitimate.

At trial, the government intends to introduce evidence showing that defendant entered into the marriage with Daniels for the purpose of obtaining lawful permanent resident status in the United States. The government further intends to introduce evidence to show that defendant obstructed, and

attempted to obstruct, CIS' proceeding to determine whether defendant's immigration status should be adjusted by presenting false documents to CIS.

**B.     The Evidence The Government Seeks To Introduce**

In presenting its case, the government seeks to introduce evidence that in or about March 2006, defendant purchased the Property, and in the title and mortgage paperwork the defendant represented himself to be an "unmarried man" and a U.S. citizen.

### III.     ARGUMENT

This Court should grant the government's motion because: (1) the evidence related to defendant's purchase of the Property is intricately related to the offenses charged in the indictment; and (2) the evidence at issue is admissible pursuant to Fed. R. Evid. 404(b).

**A.     Discussion Of Rule 404(b) And The Intricately Related Doctrine.**

    **1.     Rule 404(b)**

Pursuant to Rule 404(b), evidence of other crimes, wrongs or acts is admissible so long as the evidence is not offered to "prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Specifically, Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Id. The drafters of Rule 404(b) intended for it to be a rule of inclusion, not exclusion. United States v. Jordan, 722 F.2d 353, 356 (7th Cir. 1983). Indeed, the intent of the rule is to emphasize the admissibility of other acts evidence. Id. The statutory list of permissible purposes for which evidence may be admitted under the rule is not exhaustive but is illustrative, and emphasizes

3

admissibility. See United States v. Manso-Portes, 867 F.2d 422, 426 (7th Cir. 1989).

To determine admissibility under Rule 404(b), courts must determine whether:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the evidence has probative value that is not substantially outweighed by the danger of unfair prejudice.

United States v. Gibson, 170 F.3d 673, 678 (7th Cir. 1999).

### 2. The intricately related doctrine

Notably, "Rule 404(b) does not apply when the other acts are directly related to the charged offense." United States v. Adames, 56 F.3d 737, 742 (7th Cir. 1995). "For evidence of prior bad acts to be subject to the admissibility requirements of Rule 404(b), they must at the very least be 'other acts' not intricately related to the charged offense." United States v. Elder, 16 F.3d 733, 737 (7th Cir. 1994). Indeed, the Seventh Circuit has a "well-established line of precedent which allows evidence of uncharged acts to be introduced if the evidence is 'intricately related' to the acts charged in the indictment." Gibson, 170 F.3d at 680.

Under the "intricately related" doctrine, the admissibility of uncharged acts turns on:

> whether the evidence is properly admitted to provide the jury with a "complete story of the crime [on] trial,["] . . . whether its absence would create a "chronological or conceptual void" in the story of the crime, . . . or whether it is "so blended or connected" that it incidentally involves, explains the circumstances surrounding, or tends to prove any element of the charged crime.

Id. at 681 (quoting United States v. Ramirez, 45 F.3d 1096, 1102 (7th Cir. 1995)). "In other words, direct evidence of an essential part of the crime charged is not covered by Rule 404(b)." Elder, 16 F.3d at 737.

4

**B.     The Property Evidence Is Admissible Pursuant
         To The Intricately Related Doctrine And Rule 404(b).**

In the present case, the Property evidence is admissible pursuant to the intricately related doctrine and Rule 404(b). Accordingly, this Court should grant the government's motion and permit the government to introduce this evidence at trial.

**1.     The Property evidence is intricately related to the charges in the indictment.**

Evidence of defendant's purchase and ownership of the Property is admissible because it is intricately related to the marriage fraud and obstruction of justice charges. This is true for numerous reasons.

First, the evidence provides the jury with a complete story of why defendant married Daniels. Specifically, the evidence demonstrates how defendant simultaneously claimed to CIS to be married to Daniels while claiming to title and mortgage companies to be an "unmarried man." Further, the evidence shows that defendant knew the importance of having legal status in the United States. Based on the Property evidence, the jury will be able to fully appreciate that defendant's marriage to Daniels was for the sole purpose of obtaining an immigration benefit and that he did not truly view himself to be married to Daniels.

Second, the evidence at issue is so blended and connected with the charges in the indictment that it: (1) explains the circumstances surrounding the marriage – i.e., defendant married Daniels not to share a life with her, but rather to gain an immigration benefit; and (2) tends to prove that defendant's marriage to Daniels was not legitimate and that defendant's claim to CIS that he lived with Daniels at 4957 W. Foster, Chicago, Illinois was untrue.

Based on the foregoing, the Property evidence is intricately related to the charged offenses. Accordingly, this Court should allow the government to introduce this evidence at trial.

  **2.** **The Property evidence provides proof of defendant's knowledge, motive, intent and plan and, therefore, is admissible pursuant to Rule 404(b).**

  In addition to being admissible pursuant to the intricately related doctrine, the Property evidence is admissible pursuant to Rule 404(b). The evidence provides proof that: (1) defendant had knowledge that his marriage to Daniels was not legitimate; (2) defendant had knowledge of the importance of having legal status in the United States; and (3) defendant's motive, intent and plan in marrying Daniels was to obtain immigration benefits. This conclusion is underscored by an examination of the four-prong test the Seventh Circuit has developed for determining the admissibility of Rule 404(b) evidence.

  The first prong of the test requires that the evidence at issue be offered to establish a matter at issue. Here, the government intends to offer the evidence to establish that: (1) defendant had knowledge that his marriage to Daniels was for the purpose of obtaining an immigration benefit; (2) defendant's motive, intent and plan in marrying Daniels was to obtain an immigration benefit, as opposed to sharing a life with her.

  The second prong of the test requires that the evidence at issue be similar enough and close enough in time to the matter at issue to be relevant. Defendant's purchase of the Property occurred at the same time defendant was seeking to have his immigration status adjusted. As such, the evidence is close enough in time. Further, the Property evidence shows that while defendant was claiming to CIS to be married, he was claiming to mortgage and title companies to be an "unmarried man." As such, the Property evidence is similar enough to the matter at issue to be relevant.

  The third prong of the test requires that the evidence at issue be sufficient to support a jury finding that the defendant committed the similar act. Here, the Property evidence consists of certified official records from the Cook County Recorder of Deeds and mortgage documents from

Countrywide that are signed by defendant. As such , the evidence is sufficient to support a jury finding that defendant purchased the Property as an "unmarried man," who claimed to be a U.S. citizen.

Finally, the test requires that the probative value of the evidence at issue not be substantially outweighed by the danger of unfair prejudice. Unfair prejudice is not a concern here. "Evidence is unfairly prejudicial only if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented." United States v. Bogan, 267 F.3d 614, 622 (7th Cir. 2001).

The evidence at issue will not induce the jury to decide the case on an improper basis. To the contrary, the evidence at issue will provide the jury with a more complete picture of why defendant married Daniels. Moreover, any prejudice could be cured by a limiting instruction to the jury. See United States v. Souffront, 338 F.3d 809, 834-35 (7th Cir. 2003); Zafiro v. United States, 506 U.S. 534, 540-41 (1993) (juries are presumed to follow limiting instructions).

The Property evidence is admissible pursuant to Rule 404(b). Accordingly, this Court should grant the government's motion.

## IV. CONCLUSION

The Property evidence is admissible pursuant to the intricately related doctrine and Fed. R. Evid. 404(b). Accordingly, this Court should grant the government's motion.

WHEREFORE, the United States of America respectfully requests that this Court enter an order permitting the government to introduce the Property evidence on the basis that it is admissible pursuant to the intricately related doctrine and Fed. R. Evid. 404(b).

Dated: January 31, 2008

                Respectfully submitted,

                PATRICK J. FITZGERALD
                United States Attorney

By:    Scott R. Drury /s
        SCOTT R. DRURY
        CLIFFORD C. HISTED
        Assistant United States Attorneys
        219 South Dearborn, 5th Floor
        Chicago, Illinois 60604
        (312) 353-1416

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S MOTION TO ADMIT CERTAIN EVIDENCE AS INTRICATELY RELATED TO THE CHARGED OFFENSES AND PURSUANT TO RULE 404(b)**

was served on January 31, 2008, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                By:      <u>Scott R. Drury/s</u>
                           SCOTT R. DRURY
                           Assistant United States Attorney
                           219 South Dearborn, 3rd Floor
                           Chicago, Illinois 60604
                           (312) 353-1416